# THE DISTRICT OF COLUMBIA
## *v.*
## GRAY.

MUNICIPAL CORPORATIONS, LIABILITY OF FOR INJURIES TO PROPERTY
CAUSED BY OVERFLOW OF A SEWER; NEGLIGENCE; QUESTIONS
FOR JURY; WITHDRAWAL OF CASE FROM JURY; PRAY-
ERS FOR INSTRUCTION.

1. In an action by a property owner against a municipality for injuries
   to his premises by the overflow of a sewer alleged to have been
   caused by obstructions therein, testimony that four days after
   the overflow accumulations of sand and other material which
   from their nature the witnesses testified must have been there a
   long time, were found in the sewer, is admissible.
2. Where in such an action the plaintiff makes out a *prima facie* case
   of negligence on the part of the defendant, and the defense is
   that the rainfall which caused the overflow was an extraordinary
   one, amounting to a providential visitation or act of God, the
   case is one for the jury.
3. Where there is in a given case a *prima facie* sufficiency of testimony
   on the part of the plaintiff, but an apparent preponderance of
   testimony in favor of the defendant, the trial court is not jus-
   tified in peremptorily instructing the jury to find a verdict for the
   defendant; *following* Warthen *v.* Hammond, 5 App. D. C. 167.
4. It *seems* that in an action against a municipality for damages for in-
   juries to property occasioned by obstructions in a sewer causing
   its overflow, there is no ground for the application of the rule
   requiring notice to the municipality of the existence of an ob-
   struction before being chargeable with negligence in failing to
   remove it.
5. It is not error for a trial court to refuse to grant a prayer for instruc-
   tion, the substance of which is incorporated in a previous prayer
   granted for the same party.

No. 439.   Submitted April 22, 1895.   Decided May 8, 1895.

HEARING on an appeal by the District of Columbia from
a judgment on verdict in an action to recover damages for
injuries to property caused by the overflow of a sewer.
*Affirmed.*

The COURT in its opinion stated the case as follows :

This cause was before us once before, and our decision of it is reported in 1 App. D. C. 500. Since then it appears that there have been two intermediate trials of it in the court below, in the first of which the verdict, which was for $3,500 in favor of the plaintiff, Edwin N. Gray, here the appelle, was set aside by that court on its own motion for some cause outside of the case itself. In the third trial there was a verdict for the plaintiff in the sum of $4,500, upon which judgment was rendered ; and it is that judgment which is now before us for review.

The injury complained of by the appellee, and for which he seeks damages from the appellant, on the ground of the appellant's alleged negligence, resulted from an overflow of Tiber Creek sewer, in the city of Washington, on July 1, 1889, and again on August 1, 1889, by which the appellees' premises were flooded, and his buildings, an iron foundry and machine shops, with the machinery in them, were injured. The negligence charged against the appellant was the alleged failure of its officers and agents to keep the sewer in proper condition and reasonably free from obstructions and accumulation of sand and other matter, in consequence of which it was claimed that the sewer became choked and incapable of performing the service for which it had been constructed. The defence, besides controverting the facts upon which negligence was based, was substantially to the effect that the overflow complained of was the result of a sudden and enormous rainfall, amounting to a providential visitation or "act of God," as it is sometimes called, against which the appellant could not have guarded by the exercise of any ordinary prudence. It was also claimed by the appellant that it had no notice of any such obstruction as is alleged to have existed in the sewer, and that without such notice it should not be held to liability.

Testimony was given on behalf of the plaintiff tending

to show that before the overflow of July 1, 1889, the sewer had not been cleaned out for sixteen months, whereas, previously to that time it had been more frequently cleaned. Among other testimony then introduced was that of three persons, George H. Harries, William R. Smith and Joseph Davis, who, on July 5, 1889, four days after the first overflow, made an exploration of the sewer and found accumulations of sand and other material, constituting a serious obstruction, which, from its nature and character, these witnesses testified must have been there a long time. To the admission of this testimony exception was taken, on the ground, as claimed, that this did not tend to show the condition of the sewer on the 1st day of July ; and on this exception the appellant bases its first assignment of error.

Other exceptions to rulings upon the admission of testimony are found in the record ; but, as no assignments of error are based upon them, and they are ignored both in the brief and in the oral argument of the appellant, they may be disregarded.

Other testimony was also given by the plaintiff with reference to the character and quality of the water of the overflow and of the deposit left by it, which tended to show the existence of obstructions in the sewer. The testimony of the defendant, as already stated, was to the effect substantially that the injury complained of was the result of a providential visitation, and that the sewer was incapable of carrying off the vast volume of water that was poured into it on the occasion.

At the close of the testimony, both parties requested instructions to the jury ; and each presented twelve such instructions. Five of those asked by the plaintiffs were given, and seven refused. Eight were given on behalf of the defendant, and four refused. Three assigments of error are based upon the action of the trial court in this regard. The court also charged the jury orally, but to this charge no exception was taken.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney for the appellant:

1. The injury complained of resulted from providential visitation or act of God.

The trial court should have directed a verdict for the defendant. There was nothing to submit to the jury. The testimony establishes beyond question that the storms of July 1 and August 1, 1889, were phenomenal, and clearly places them in the category of acts of God. Such storms have never occurred before, nor have they occurred since. They could not have been reasonably anticipated or guarded against by any human foresight. *District of Columbia* v. *Gray,* 1 App. D. C. 500; Dill on Munic. Corp. 1046, 1051; *Railroad Co.* v. *Sulphur Springs,* 96 Pa. St. 65; *Withers* v. *Railroad Co.,* 27 L. J. Ex. 417; *Railroad Co.* v. *Reeves,* 10 Wall. 190.

It is settled law in this jurisdiction that the District is not liable for defect of plan of its sewers. *Johnson* v. *District,* 118 U. S. 19.

2. It is settled law in this District that if a sewer when originally constructed be of adequate capacity, but subsequently becomes obstructed, whereby damage ensues, no liability thereby attaches to the municipality, except after notice and neglect to remove the obstruction. *Bannagan* v. *The District,* 2 Mackey, 285. The fact of the obstruction was not alone enough to charge the defendant with negligence. *Griffin* v. *New York,* 9 N. Y. 456; *Todd* v. *Troy,* 61 N. Y. 506; *Stanton* v. *Springfield,* 12 Allen, 566. Notice actual or constructive must be alleged in the declaration. *Noble* v. *Richmond,* 31 Gratt. (Va.), 271. . There is no averment or proof of actual notice, and the case was not one where constructive notice could be relied on. The alleged obstruction of the sewer was not nortorious or conspicuous, like a hole or other patent defect in a street, which might be seen by passers by, who would have been likely to have

informed the authorities of its existence. *Donaldson* v. *Boston*, 16 Gray, 508; *Dewey* v. *Detroit*, 15 Mich. 313; *Cook* v. *Anamosa*, 66 Iowa, 427. If it existed, it was hidden. No such accident as the one complained of had happened before. The officers of the defendant had no reason therefore to suppose that such a thing would happen. That the defendant shortly after the flood proceeded to clean the sewer was not an admission that it was previously in bad condition. *Cramer* v. *Burlington*, 45 Iowa, 629.

*Messrs. Shellabarger & Wilson* and *Mr. Randall Hagner* for the appellee:

1. That it is not necessary in a case such as this to allege actual notice, see *Mersy Docks* v. *Gibbs*, 1 H. L. Rep. 93, cited in 2 Thompson on Neg. 762, note 6; and that notice will be presumed, see *Barton* v. *Syracuse*, 36 N. Y. 54; *Mayor* v. *Funza*, 3 Hill, 612; *Ashby* v. *Port Huron*, 36 Mich. 296; *Child* v. *Barton*, 4 Allen, 41; *Rappo* v. *Moore*, 8 Am. Rep. 44; *McCarty* v. *Syracuse*, 46 N. Y. 194; *Noonan* v. *Albany*, 79 N. Y. 470. Even if such allegation of notice were necessary, the defect is cured by verdict. *Lincoln* v. *Iron Co.*, 103 U. S. 412; *Freidenstein* v. *United States*, 125 U. S. 224.

2. As defence against this case being for an injury caused by the act of God, the rule that the loss must be from a natural cause and it must be free from the intervention of any human agency, is clearly laid down in 70 Am. Dec. 521; 64 Am. Dec. 397; 64 Pa. St. 105; *Gleason* v. *Railroad Co.*, 140 U. S. 435.

Mr. Justice MORRIS delivered the opinion of the Court:

1. With respect to the admissibility of the testimony of Harries, Smith and Davis, we do not think that the appellant has any reasonable ground of complaint. It is the dictate of reason that the existance of a certain state of

facts at any particular time can be shown by proof of the
conditions existing immediately before or after that time,
when in the nature of things the conditions at the precise
moment of time cannot be shown, and the circumstances
are such that any reasonable mind will infer from the con-
ditions that are shown to exist their continuance or pre-ex-
istence. How otherwise than by such testimony as was
offered could it have been shown that there were obstruc-
tions in the sewer at the time of the overflow ? It would
never have occurred to anyone, other perhaps than the
agents and employees of the appellant, to whom probably
it ought to have occurred, to make an investigation of the
sewer in anticipation of such an overflow. The place of
obstruction was not open to public observation ; and ordi-
narily it was only by subsequent investigation and by
deductions from existing results that the cause of disaster
could be ascertained. The space of four days was a suffi-
ciently short period of time, in connection with proof of
the character of the obstruction that was found to exist, to
justify the inference of the pre-existence of the obstruction
at the time of the injury. It was open to the appellant to
controvert the presumption by any proper proof; but that
this testimony on behalf of the appellee was competent and
relevant, we do not hesitate to affirm. In this ruling we
are supported by abundant authority. Phillips on Evidence,
vol. I, chap. X ; *Grand Trunk Railroad Co.* v. *Richardson*,
91 U. S. 454 ; *Penn. Railroad Co.* v. *Stranahan*, 79 Penn.
St. 405 ; Greenleaf on Evidence. It is only the ordinary
case of reasoning from effect to cause, and from cause to
effect.

2. The appellant's second assignment of error, on which
apparently most reliance is placed, is that the court below
did not grant the defendant's first prayer, which requested
a direction to the jury to return a verdict for the defendant.

The argument of the appellant, in this connection, is, in
substance, that it has demonstrated mathematically that it
was impossible for the Tiber Creek sewer to carry off the

immense rainfall of this occasion without overflow. But unfortunately for the argument, it was one that should have
been, and no doubt was, addressed to the jury.   The argument depends  on an assumption of  premises that are not
mathematical, as, for instance, that the whole  rainfall
reached  the sewer at once, and that the measurements of
the appellant's experts are correct—facts which it is for the
jury to determine.   And even if the alleged mathematical
demonstration be taken as correct and conclusive, it proves
nothing in  this case.   It is admitted on  both sides that
there was an immense and  extraordinary rainfall on this
occasion ;  but the burden of the plaintiff's claim is that the
defendant's negligence was a concurrent cause of the injury,
and  in fact the proximate cause ;  that a mere overflow of
comparatively pure rain water would not have so greatly injured him ;  and that there was no such volume of water in
the sewer at any time during the occurrence as would have
caused the overflow in the absence of obstruction occasioned by the negligence of the defendant.   The plaintiff
undoubtedly proved a *prima facie* case of negligence on the
part of the defendant—a case that, in the absence of any
proof by the defendant, would have justified a verdict by
the jury.   If the defendant has overcome that case, as it
claims to have done, by vastly preponderating testimony,
by testimony amounting to mathematical demonstration,
according to the contention of counsel, it is not proper
even then for the court peremptorily to instruct the jury to
return a verdict for the defendant.   In the case of *Warthen*
v. *Hammond*, 5 App. D. C. 167, decided last January, we
had occasion to state what we regarded as the proper rule
in such cases.   There we said :

" It may be laid down as a general rule, subject perhaps
to some exceptions or qualifications, that when the plaintiff
has adduced testimony fairly tending to prove a *prima facie*
case in his favor, and which, in the absence of testimony on
behalf the defendant would entitle him to solicit a verdict
from the jury, the court may not withdraw his case from the

consideration of the jury, no matter what the testimony for the defendant may be."

While testimony on behalf of the defendant may be regarded as vastly preponderating, it is for the jury to pass upon it, not for the court; and the jury may not be disposed to credit. It is not only the right, it is very often the duty, of a trial court to set aside the verdict of a jury whenever it has good reason to regard that verdict as being in opposition to the just preponderance of evidence; and we have no desire here to place any limitation upon the frequency with which in any given case that may be done. But we cannot as a matter of law affirm that in any case, where there is a *prima facie* sufficiency of testimony on the part of a plaintiff, but an apparent preponderance on the part of a defendant, the trial judge would be justified to instruct the jury in advance peremptorily to return a verdict in favor of the latter. We think that to do so would be to invade the province assigned to the jury in our system of jurisprudence.

It is our opinion, therefore, that the court below was entirely right in refusing the peremptory instruction requested by the appellant. At the same time, we do not desire to be understood as intimating that, in our opinion, there was any such preponderance of testimony as is claimed by the appellant.

3. Exception was taken by the defendant to the granting of the plaintiff's fifth, seventh, eighth, eleventh and twelfth requests for instructions. These instructions need not here be set forth in detail. The question which the appellant seeks to raise from them, is that it should not be charged with negligence in respect of the alleged obstruction in the sewer, without actual notice of the existence of such obstruction, and consequently an opportunity for its removal in due time.

Undoubtedly, a municipal corporation, in the multitude and variety of the duties imposed upon it, should not be held to liability for anything which it could not reasonably

have anticipated. And when an obstruction exists which it is its duty to prevent or remove, and which has been occasioned by any other power than its own, its officers and agents should have a reasonable opportunity to procure the removal, before it can be held liable for negligence for its failure to act. But in a case like the present there seems to be no ground for the application of the doctrine of notice in its ordinary sense. Ordinarily and in the nature of things, only the officers and agents of the municipality could know of such an obstruction as that of which complaint is here made. There could be no passers-by who could give information. The locality of the obstruction was open only to the employees of the municipality, and it was their duty to inspect it from time to time and to ascertain the fact that no obstruction existed. Only by such inspection was it possible ordinarily to ascertain the existence of obstructions; and if that work of inspection was neglected by the municipality, it has no right to require that it must have notice through some other source. Its neglect of duty cannot be made the basis of exemption from liability. If it had performed the work of inspection properly, it would have had due notice that the obstruction existed, if it did exist; and whether it performed the work of inspection, was a question for the jury.

This case, of course, is plainly distinguishable from the case of obstructions placed in the streets by others than the officers or agents of the municipality; and it is unnecessary to expend time to show the difference between the two classes. Decisions applicable only to the latter have no bearing upon the former. The decision of the Supreme Court of the District of Columbia in the case of *Bannigan* v. *District of Columbia*, 2 Mackey, 285, was rendered in a case where it was sought to hold the District of Columbia liable for damages resulting from the faulty construction of a sewer, and the notice, which it is stated there that the District should have had before being held to liability, must be construed to be merely notice of the faulty construction

—that is, of the error of judgment that was committed by its engineers.    We do not regard that case as applicable to the present.

4. The only other exception which we deem it necessary to notice, is one taken to the refusal of the trial court to grant the twelfth instruction requested by the appellant. This had reference to the Maine avenue sewer, a small lateral sewer, discharging into the Tiber Creek sewer and is as follows:

" If the jury believe from the evidence that the flooding of the plaintiff's premises on the first of July, 1889, and the 31st of July, 1889, or the 1st of August, 1889, occurred by reason of incapacity in the Maine avenue sewer to discharge the volume of water which flowed in it on those days, then the plaintiff is not entitled to recover, and your verdict should be for the defendant."

If this instruction were otherwise unobjectionable and entirely warranted by the evidence, the refusal to grant it was proper, because it had already been granted; and it is manifestly improper to duplicate instructions.    The substance of this twelfth instruction had already been incorporated in the fifth instruction granted at the request of the appellant, and which was as follows:

"If the jury believe from the evidence in this case that the Tiber sewer and the Maine avenue sewer respectively were not of sufficient capacity to carry off the rainwater which fell on July 1st, 1889, and July 31st or August 1st, 1889, and that the flooding of the plaintiff's premises was caused solely by this want of capacity in said respective sewers to discharge said water, and not because either of said sewers was obstructed by sand and gravel, then the plaintiff would not be entitled to recover, and your verdict should be for the defendant."

We find no error in the record of this case.    We think the law of the case was stated fully and fairly by the presiding justice, and with as much liberality as was possible to the appellant.    And we think the case one in which,

under the circumstances, we should, if possible, make an end of the litigation. We are of opinion that *the judgment of the court below should be affirmed, with costs. And it is so ordered.*